

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00301-CV

IN THE INTEREST OF S.R.-B. AND
T.R.-B., MINOR CHILDREN

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 12323-JR-C

----------

## MEMORANDUM OPINION[1]

----------

At the time of the jury trial in this termination-of-parental-rights case, Appellant Father was incarcerated for a robbery charge and a possession-of-methamphetamine charge. He used methamphetamine during the pendency of the case and agreed that he had done so even though he knew that doing so

---

[1]*See* Tex. R. App. P. 47.4.

violated his Child Protective Services (CPS) service plan and could cause him to lose his rights to S.R.-B. and T.R.-B., his children. Father did not comply with other terms of his CPS service plan, which were incorporated into the court's orders: He did not undergo the court-ordered psychological evaluation, he went to his required counseling only once, he never finished his parenting classes, and he missed approximately nineteen of his twenty-six possible visits with the children. Father also did not provide proof of income and employment to CPS during the nine months that he was not in jail—instead, he agreed that since 2012, he had not had a job for six or seven months at a time. And he agreed that it endangered the children to be around people who use drugs. Father nonetheless argued that the jury should not terminate his parental rights because he loved his children.[2]

For a trial court to terminate a parent-child relationship, the party seeking termination must establish by clear and convincing evidence that the parent's actions satisfy one ground listed in family code section 161.001(b)(1) and that termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2015); *In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established; termination

---

[2]The children's mother opined that Father was a drug addict and that he had endangered the children through his drug use. She testified that she was no longer with Father "[b]ecause [they] made bad choices and [they] can't fix this together." She retained her parental rights to the children but DFPS was named their managing conservator.

may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re C.D.E.*, 391 S.W.3d 287, 295 (Tex. App.—Fort Worth 2012, no pet.).

After a jury verdict in which ten jurors agreed, Father's parental rights were terminated as in the children's best interest and on the grounds that he had endangered the children, had constructively abandoned them, and had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain their return. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (2). In a single issue, Father now attempts to challenge the legal and factual sufficiency of the evidence to support the best interest finding.[3]

However, to preserve a legal sufficiency challenge on appeal following a jury trial, an appellant must raise the challenge with the trial court in one of the following ways: (1) a motion for instructed verdict; (2) a motion for judgment

---

[3]The same evidence may be probative of both the section 161.001(b)(1) grounds and best interest. *In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013); *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). Nonexclusive factors that the trier of fact in a termination case may also use in determining the best interest of the child include the children's desires, their emotional and physical needs now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of the individuals seeking custody, the programs available to assist those individuals to promote the children's best interest, the plans for the children by these individuals or the agency seeking custody, the stability of the home or proposed placement, the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *see E.C.R.*, 402 S.W.3d at 249 (stating that in reviewing a best interest finding, "we consider, among other evidence, the *Holley* factors"); *E.N.C.*, 384 S.W.3d at 807.

notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.); *see also* Tex. R. Civ. P. 324(b) (listing appellate complaints that must be preserved by a motion for new trial); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220–21 (Tex. 1992). After a jury trial, factual sufficiency challenges must be raised in a motion for new trial. Tex. R. Civ. P. 324(b)(2)–(3); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003).

Father took none of the above actions necessary to preserve his sufficiency complaints and therefore has preserved nothing for our review. *See In re J.V.*, No. 02-15-00036-CV, 2015 WL 4148500, at *1–2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.) (overruling father's legal sufficiency complaint on best interest for lack of preservation when he did not make or file any of the required motions or object to the charge on the legal sufficiency of the evidence to support submission of the best-interest instruction and overruling his factual sufficiency complaints as to jury's findings when he failed to preserve these by filing a motion for new trial); *In re G.H.*, No. 02-14-00261-CV, 2015 WL 3827703, at *5 (Tex. App.—Fort Worth June 18, 2015, no pet.) (en banc mem. op. on reh'g) ("Because Mother did not raise her legal sufficiency challenge in the trial court, she has not preserved that complaint."); *In re A.J.L.*, 136 S.W.3d 293, 301–02 (Tex. App.—Fort Worth 2004, no pet.) (holding that mother waived

4

factual sufficiency complaints as to jury findings by failing to file a motion for new trial).[4]

Therefore, we overrule Father's sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, WALKER, and SUDDERTH, JJ.

DELIVERED: January 21, 2016

---

[4]We nonetheless note that even if Father had preserved the issue, the evidence in this case is such that the jury could have reasonably formed a firm belief or conviction that it was in the children's best interest to terminate Father's parental rights to them, viewed both in the light most favorable to the finding and judgment for legal sufficiency and when viewing the entire record for factual sufficiency. *See In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). The jury could have determined from this record that the desires, if any, by the children for two parents instead of just their mother were outweighed by their existing and future emotional and physical needs, the emotional and physical danger presented to them by allowing Father to retain his parental rights, Father's lack of parenting skills, his failure to take advantage of programs that would help remedy his lack of parenting skills, his lack of plans for the children, and his acts and omissions for which he had no reasonable excuse. *See Holley*, 544 S.W.2d at 371–72.